UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RICHARD CAMPODONICO, ) | Civil Action No.: 4:15-cv-3373-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| CAPTAIN DONNIE STONEBREAKER, ) | **REPORT AND RECOMMENDATION** |
| CAPTAIN FRITZ FORD, LT. KATURAH ) | |
| GAUSE, SGT. EVONEY SHAW, OFFICER) | |
| MICHAEL WATTERS, JR., and OFFICER ) | |
| DALLAS PHELPS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.   INTRODUCTION

Plaintiff, an inmate in the South Carolina Department of Corrections (SCDC) and housed at the Evans Correctional Institution (ECI), brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to a significant risk to Plaintiff's physical safety and violated his due process rights.  Presently before the court is Defendant Officer Michael Watters, Jr.'s Motion for Relief from Entry of Default (Document # 13).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  This report and recommendation is entered for review by the district judge.

## II.   PROCEDURAL HISTORY

Plaintiff filed the complaint in this action on August 24, 2015.  Complaint (Document # 1). An Affidavit of Service was filed stating that Officer Watters was served with the summons, complaint, and Plaintiff's responses to Local Rule 26.01 interrogatories on Tuesday, September 1,

2015, by delivery to Quanda Mixon, "a person of age and discretion at the residence" at 224 Nash Rd., Bishopville, S.C. See Summons Returned Executed (Document # 5). Pursuant to Fed.R.Civ.P. 12(a)(1)(A)(i), Officer Watters' answer or other responsive pleading was due September 22, 2015. No answer or other responsive pleading was filed by that date, though Plaintiff did not request a clerk's entry of default. On September 28, 2015, Officer Watters filed the present motion for relief from default. He filed an answer on September 30, 2015. Plaintiff filed a response (Document # 34) in opposition to the motion for relief from entry of default, and Officer Watters filed a reply (Document # 35).

### III.    RELEVANT FACTS

As set forth above, a copy of the summons and complaint was left with an individual named Quanda Mixon at 224 Nash Road, Bishopville, S.C., on September 1, 2015. Plaintiff submitted an Affidavit signed by Officer Watters, in which he avers that he resides at 224 Nash Road in Bishopville, South Carolina, and that Quanda Mixon also resides at that address and is over the age of eighteen. Watters Aff. ¶ 3 (Ex. to Pl. Resp.). Officer Watters also avers that, on August 11, 2015, his deposition was taken in a state court action filed by Plaintiff in this case.[1] Watters Aff. ¶ 4. On September 1, 2015, two summons and complaints were delivered to his address and given to him by Quanda Mixon. Watters Aff. ¶ 5. Officer Watters believed the papers were related to the state court action for which he had recently been deposed. Watters Aff. ¶ 5. He did not realize that the papers were for a new lawsuit and did not know that he should have given them to someone. Watters Aff. ¶ 6. He did not notify SCDC or the Insurance Reserve Fund that he had received the papers. Watters Aff. ¶ 10. He assumed that the lawyers at the August 11, 2015, deposition were

---

[1]Officer Watters is not a party to the state court action.

familiar with them and that he was not required to take any action.  Watters Aff. ¶ 8.

**IV.    DISCUSSION**

Officer Watters seeks relief from default pursuant to Fed.R.Civ.P. 55(c).  Rule 55(c) provides that the court may set aside the entry of default for "good cause." Fed.R.Civ.P. 55(c).[2] This "good cause" standard is liberally construed "'in order to provide relief from the onerous consequences of defaults....'" Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir.1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.")).

As an initial matter, the court recognizes that the clerk had not made an entry of default nor had Plaintiff requested an entry of default at the time Officer Watters filed the present motion. Nevertheless, an entry of default is mandatory, not discretionary, and a party who has failed to plead or otherwise defend is considered to be in default even if the formal entry of default has not yet been made.  Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2692 at 85 (3d ed.2004)).  "So, 'a motion for relief under Rule 55(c) [setting aside a default] is appropriate ... even [when] there has not been a formal entry of default....'" Id.

The United States Court of Appeals for the Fourth Circuit has set forth the relevant factors to consider when a party in default has sought relief:  (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the

---

[2] Plaintiff argues the more stringent "excusable neglect" standard applicable to Fed.R.Civ.P. 60(b) motions for relief from default judgment.  No default judgment has been entered or sought in this case.

defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. Payne v. Brake, 439 F.3d 198, 204–05 (4th Cir.2006) (citations omitted).

To assert a meritorious defense, "the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims." Coomer v. Coomer, 217 F.3d 838 (4th Cir. 2000) (unpublished table decision) (citing Dowell v. State Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); see also U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the court or the jury to find for the defaulting party."). Thus, the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor. See, e.g., Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994.

Plaintiff alleges that on September 1, 2012, while housed at the Lee Correctional Institution (LCI), Defendant Shaw allowed approximately fifty inmates, including Plaintiff, to leave the cafeteria unescorted and walk across the yard to the Darlington housing unit. Defendant Shaw failed to notify Officer Watters or Officer Watters failed to acknowledge this movement of inmates. Compl. ¶ 16. The inmates were unable to enter their housing wing because Officer Watters failed to unlock and open the wing door, which created a bottle-necking effect of inmates in the sally port. Because the inmates were unsupervised in the sally port, several inmates seized upon the opportunity

and stabbed Plaintiff and another inmate at least ten times with a shank. Compl. ¶ 17. Plaintiff further alleges that he awoke after being unconscious for a period of time to Officer Watters standing over him, but Officer Watters made no attempt to offer or ensure that Plaintiff received emergent medical aide or assistance. Compl. ¶ 19. Plaintiff was eventually transported to the hospital and treated for multiple stab wounds to his face, back, legs, and stomach, as well as a collapsed lung and remained in the hospital for approximately three weeks. Compl. ¶ 22. Plaintiff alleges that Officer Watters was deliberately indifferent to a substantial risk to Plaintiff's physical safety and violated his due process rights. Compl. ¶¶ 28, 33.

In support of establishing a meritorious defense, Officer Watters submits his deposition testimony from the state court case arising out of the same facts. There, he testified that no one told him these inmates were returning to his unit and, therefore, he did not have the doors unlocked. Watters Dep. 95. He further testified that he first learned that the inmates had returned to his unit when they were beating on the door for him to let them in. Watters Dep. 95-96. When he opened the door and let the inmates back on the wing, he then saw "blood everywhere" in the sally port, and he called first responders even though he did not see who had been assaulted because they did not come into the unit and they weren't in the sally port. Watters Dep. 96. Deliberate indifference requires a showing that the defendant knew of a substantial risk of serious harm to the inmate but disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Officer Watters' testimony, if believed, is sufficient to allow a jury or the court to find in his behalf. Therefore, he has presented sufficient evidence to establish a meritorious defense.

In addition to the meritorious defense, Officer Watters acted reasonable promptness by filing

his motion for relief from default six days after an answer was due. Further, although it was the fault of Officer Watters and not of his attorney that the deadline was missed, no prejudice would result from relieving Officer Watters from his default and allowing this case to proceed on the merits as it is in its early stages. No history of dilatory action has been presented and, as previously stated, Officer Watters moved for relief from default six days after the deadline. The Fourth Circuit has a "long-held view that Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.' " Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 421 (4th Cir.2010). (quoting Tolson, 411 F.2d at 130 (4th). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson, 411 F.2d at 130. Based upon the factors considered above, Officer Watters has sufficiently established good cause for failing to timely file an answer in this case and his default should be set aside to allow for a disposition on the merits.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Officer Watters' Motion for Relief from Entry of Default (Document # 13) be granted.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 25, 2016
Florence, South Carolina