IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard Campodonico, ) | Civil Action No. 4:15-3373-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Captain Donnie Stonebreaker, Captain ) | |
| Fritz Ford, Lt. Katurah Cause, Sgt. Evoney ) | |
| Shaw, Officer Michael Watters, Jr., *and* ) | |
| Officer Dallas Phelps, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendant Michael Watters, Jr.'s motion for relief from entry of default (Dkt. No. 13) be granted. The Court adopts the Report and Recommendation as the Order of this Court, grants Defendant Watters's motion for relief from entry of default, and recommits this matter to the Magistrate Judge for further proceedings.

I.  **Background**

Plaintiff, represented by counsel, filed this action on August 24, 2015. Plaintiff alleges that on September 1, 2012, while incarcerated at the Lee Correctional Institution, Sergeant Shaw allowed about fifty inmates to walk unescorted form the cafeteria unescorted to a housing unit. Officer Watters allegedly failed to unlock a housing unit door, resulting in a bottleneck of inmates in the sally port. Because inmates were unsupervised in the sally port, some inmates began stabbing other inmates, including Plaintiff, with shanks. Plaintiff further alleges that after control was reestablished, Officer Watters did not attempt to obtain emergency medical assistance for Plaintiff.

Officer Watters was served on September 1, 2015. (Dkt. No. 5.) His responsive pleading was due September 22, 2015. No responsive pleading was filed by that date, though Plaintiff did not request a clerk's entry of default. On September 28, 2015, Officer Watters moved for relief from default, and on September 30, 2015, he answered the complaint. Officer Watters avers that he delayed giving the summons and complaint to his attorney because he confused the process in this case with process also served, coincidentally, on September 1, 2015 in two other state court actions, of which his attorney was already aware. Plaintiff opposed the motion for relief from default when it was before the Magistrate Judge. However, Plaintiff has not objected to the Magistrate Judge's recommendation that Officer Watters's motion be granted.

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### III. <u>Discussion</u>

Rule 55(c) of the Federal Rules of Civil Procedure allows defaults to be set aside for good cause. The "good cause" standard for relief from a default under Rule 55(c) is much more lenient than the standard for relief from a default judgment under Rule 60(b). *Tolson v. Hodge*, 411 F.2d 123, 130 (1969). Rule 55(c) is liberally construed in favor of setting aside defaults because the law prefers adjudication on the merits to default judgment: "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* The Fourth Circuit has set forth a six-factor standard for relief from default under Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). A meritorious defense requires "a proffer of evidence which, if believed, would permit either the court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

All factors but one recommend granting Plaintiff relief from default. Officer Watters has a meritorious defense. In support of his motion for relief from default, he attached deposition testimony from state court actions arising from the same facts, in which he testified that he did not unlock the housing unit doors because no one told him that he inmates were returning, and that he summoned emergency medical personnel as soon as he opened the door and saw "blood everywhere." (Watters Dep. Tr. 95–96.) Officer Watters acted with reasonable promptness, moving for relief seven days after his responsive pleading was due. No prejudice will result from relieving Officer Watters of his default. Officer Watters presents no history of dilatory action. Less drastic sanctions are certainly available, though sanctions are unwarranted here. The only factor weighing against Officer Watters is the fact that fault lies with him and not his attorney.

Officer Watters, therefore, has established good cause for failing to timely file a responsive pleading in this case and his default is set aside to allow for disposition on the merits.

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 44), **GRANTS** Defendant Watters's motion for relief from entry of default (Dkt. No. 13), and **RECOMMITS** this matter to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 15, 2016
Charleston, South Carolina

-4-